IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICROUNITY SYSTEMS ENGINEERING, INC., a California corporation,<br>　　　　　　Plaintiff,<br>v.<br>(1) ACER INC., a Republic of China corporation, (2) ACER AMERICA CORPORATION, a California corporation, (3) APPLE, INC., a California corporation, (4) AT&T INC., a Delaware corporation, (5) AT&T MOBILITY LLC, a Delaware limited liability company, (6) CELLCO PARTNERSHIP, a Delaware partnership, (7) EXEDEA, INC., a Texas corporation, (8) GOOGLE INC., a Delaware corporation, (9) HTC CORPORATION, a Republic of China corporation, (10) HTC AMERICA, INC., a Texas corporation, (11) LG Electronics, Inc., a Korean limited company, (12) LG Electronics Mobilecomm U.S.A.,Inc., a California corporation, (13) MOTOROLA, INC., a Delaware corporation, (14) NOKIA CORPORATION a Finnish corporation, (15) NOKIA INC., a Delaware corporation, (16) PALM, INC., a Delaware corporation, (17) QUALCOMM INC., a Delaware corporation, (18) SAMSUNG ELECTRONICS CO., LTD., a Korean limited company, (19) SAMSUNG, SEMICONDUCTOR INC., a California corporation, (20) SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company, (21) SPRINT NEXTEL CORPORATION, a Kansas corporation, (22) TEXAS INSTRUMENTS INC., a Delaware corporation,<br>　　　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MicroUnity Systems Engineering, Inc., for its complaint against Defendants Acer, Inc., Acer America Corporation, Apple, Inc., AT&T Inc., AT&T Mobility LLC, Cellco Partnership, Exedea, Inc., Google Inc., HTC Corporation, HTC America, Inc., LG Electronics, Inc., LG

Electronics Mobilecomm U.S.A., Inc., Motorola, Inc., Nokia Corporation, Nokia Inc., Palm, Inc., Qualcomm Inc., Samsung Electronics Co., LTD., Samsung Semiconductor, Inc., Samsung Telecommunications America, LLC, Sprint Nextel Corporation, and Texas Instruments Inc., alleges:

## THE PARTIES

1.  MicroUnity Systems Engineering, Inc. ("MicroUnity") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business at 376 Martin Avenue, Santa Clara, CA 95050.

2.  MicroUnity is informed and believes, and on that basis alleges, that Defendant Texas Instruments Inc. ("TI") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 12500 TI Blvd., Dallas, TX 75226; that TI has developed, manufactures, and sells its OMAP3 series of processors to the suppliers of cell phones and other products; that TI has announced that it is developing its OMAP4 series of processors; that OMAP3 and OMAP4 processors are designed, used, offered for sale and sold in this district; and that products implementing such processors are designed, used, offered for sale and sold in this district and throughout the United States and imported into the United States.

3.  MicroUnity is informed and believes, and on that basis alleges, that Defendant Qualcomm, Inc. ("Qualcomm") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 5775 Morehouse Drive, San Diego, CA 92121; that Qualcomm has developed, manufactures, and sells its Snapdragon series of processors, including but not limited to its QSD8250 and QSD8650 processors, to the suppliers of cell phones, tablet computers and other products; and that products implementing such processors are used, offered for sale and sold in this district and throughout the United States and imported into the United States.

1048764v1/07503-011876

4.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Samsung Electronics Co., Ltd. ("Samsung") is a public limited company duly organized and existing under the laws of South Korea, with its principal place of business at #24 Nongseo-Dong, Kiheung-Gu, Yongin-City, Kyunggi-Do, Korea; that Defendant Samsung Semiconductor, Inc., ("SSI") is a wholly owned subsidiary of Samsung, and is a corporation duly organized and existing under the laws of the state of California, with its principal place of business at 3655 N. 1st St., San Jose, CA 95134; that Samsung and SSI have developed, manufacture, and sell processors such as the S5PC100 to the suppliers of cell phones, media players and other products; that Samsung manufactures the Apple A4 processor for use in tablet computers and other products; and that products implementing such processors are used, offered for sale and sold in this district and throughout the United States and imported into the United States.

5.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Motorola, Inc. ("Motorola") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1303 E. Algonquin Rd., Schaumburg, IL 60196; and that cell phones such as the Droid are manufactured by Motorola and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Motorola.

6.     MicroUnity is informed and believes, and on that basis alleges, that Defendant Nokia Corporation is a corporation duly organized and existing under the laws of Finland, with its principal place of business at Keilalahdentie 2-4, Espoo, Fl-02-150, Finland; and that Defendant Nokia Inc. is a wholly owned subsidiary of Nokia Corporation, and is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 6000 Connection Drive, Irving, TX 75039. Nokia Corporation and Nokia Inc. are individually and

1048764v1/07503-011876

collectively referred to herein as "Nokia." MicroUnity is informed and believes, and on that basis alleges, that cell phones such as the N900 are manufactured by Nokia and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Nokia.

7. MicroUnity is informed and believes, and on that basis alleges, that Defendant Palm, Inc. ("Palm") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 950 W. Maude Ave., Sunnyvale, CA 94085; and that cell phones such as the Pre are manufactured by Palm and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Palm.

8. MicroUnity is informed and believes, and on that basis alleges, that Defendant Samsung Telecommunications America, LLC, ("STA") is wholly owned by Samsung, and is a limited liability company duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1301 East Lookout Drive, Richardson, Collin County, TX 75082; that Samsung and STA manufacture cell phones such as the Galaxy Spica GT-i5700 and OmniaHD i8910; and that such cell phones are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Samsung and STA.

9. MicroUnity is informed and believes, and on that basis alleges, that Defendant Acer Inc. is a corporation duly organized and existing under the laws of the Republic of China (Taiwan), with its principal place of business at 8F, 88, Sec. 1, Hsin Tai Wu Rd., Hsichih, Taipei 221, Taiwan, ROC; and that Defendant Acer America Corporation is a wholly owned subsidiary of Acer Inc., and is a corporation duly organized and existing under the laws of the state of California, with its principal place of business at 333 W. San Carlos St., Ste. 1500, San Jose, CA 95110. Acer Inc. and Acer America Corporation are individually and collectively referred to herein as "Acer." MicroUnity

is informed and believes, and on that basis alleges, that cell phones such as the Liquid A1 and neoTouch are manufactured by Acer and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Acer.

10. MicroUnity is informed and believes, and on that basis alleges, that Defendant HTC Corporation, also known as High Tech Computer Corporation, is a public limited liability company duly organized and existing under the laws of the Republic of China, with its principal place of business at 23 Xinghua Rd., Taoyuan 330, Taiwan, Republic of China; that Defendant HTC America, Inc. is a wholly owned subsidiary of HTC Corporation, through an intermediary corporation, and is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, WA 98005; and that Exedea, Inc., is a wholly owned subsidiary of HTC Corporation, through an intermediary corporation, and is a corporation duly organized and existing under the laws of the state of Texas, with its principal place of business at 5950 Corporate Drive, Houston, Texas 77036. HTC Corporation, HTC America, Inc. and Exedea are individually and collectively referred to herein as "HTC." MicroUnity is informed and believes, and on that basis alleges, that cell phones such as the HTC Droid Incredible and Evo 4G are manufactured by HTC and are used, offered for sale and sold in this district and throughout the United States and imported into the United States by HTC.

11. MicroUnity is informed and believes, and on that basis alleges, that Defendant Google Inc. ("Google") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Pkwy., Mountain View, CA 94043; that HTC manufactures and Google sells cell phones such as the Nexus One; that such cell phones are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Google and HTC; and that Google makes software for Nexus One

1048764v1/07503-011876

and other cell phones that is used, offered for sale and sold in this district and throughout the United States and imported into the United States by Google.

12. MicroUnity is informed and believes, and on that basis alleges, that Defendant LG Electronics, Inc., is a public limited company duly organized and existing under the laws of South Korea, with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeoungdeungpo-gu, Seoul, 150-7-21, South Korea; and that Defendant LG Electronics Mobilecomm U.S.A., Inc. is a wholly owned subsidiary of LG Electronics, Inc., and is a corporation duly organized and existing under the laws of the state of California with its principal place of business at 10101 Old Grove Road, San Diego, CA 92131. LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc. are individually and collectively referred to herein as "LG." MicroUnity is informed and believes, and on that basis alleges, that LG manufactures and sells cell phones such as the eXpo; and that such cell phones are used, offered for sale and sold in this district and throughout the United States and imported into the United States by LG.

13. MicroUnity is informed and believes, and on that basis alleges, that Defendant Apple, Inc. ("Apple") is a corporation duly organized and existing under the laws of the state of California, with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014; that Apple has developed processors such as the A4 that Apple uses in certain products that Apple sells, and contracted with Samsung for their manufacture; that Apple manufactures and sells products such as the iPhone 3GS cell phone, iPod Touch 32 and 64GB ("iPod Touch 3G") media player, and the iPad and iPad3G tablet computers, and provides software for such products; and that such cell phones, media players, tablet computers and other products and software are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Apple.

1048764v1/07503-011876

14. MicroUnity is informed and believes, and on that basis alleges, that Defendant Cellco Partnership ("Verizon"), doing business as Verizon Wireless, is a general partnership, duly organized and existing under the laws of the state of Delaware, between Verizon Communications Inc., a corporation duly organized and existing under the laws of the state of Delaware, and Vodafone Group Plc, a public liability company duly organized and existing under the laws of the United Kingdom, with Verizon's principal place of business at 1 Verizon Way, Basking Ridge, NJ 07920; that Verizon sells and plans to sell cell phones such as the Motorola Droid, HTC Droid Incredible, HTC/Google Nexus One and Palm Pre and other products, and services utilizing and software utilized by such products; and that such cell phones and other products, services and software are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Verizon.

15. MicroUnity is informed and believes, and on that basis alleges, that Defendant Sprint Nextel Corporation ("Sprint") is a corporation duly organized and existing under the laws of the state of Kansas, with its principal place of business at 6500 Sprint Pkwy., Overland Park, KS 66251; that Sprint sells cell phones and other products such as the Palm Pre and HTC Evo 4G, and services utilizing and software utilized by such products; and that such cell phones and other products, services and software are used, offered for sale and sold in this district and throughout the United States and imported into the United States by Sprint.

16. MicroUnity is informed and believes, and on that basis alleges, that Defendant AT&T Inc. is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 208 S Akard St., Dallas, TX 75201; and that Defendant AT&T Mobility LLC is wholly owned by AT&T Inc., and is a limited liability company duly organized and existing under the laws of the state of Delaware, with its principal place of business at 5565

1048764v1/07503-011876

Glenridge Connector, Atlanta, GA 30342. AT&T Inc. and AT&T Mobility LLC are individually and collectively referred to herein as "AT&T." MicroUnity is informed and believes, and on that basis alleges, that AT&T sells cell phones and other products such as the LG eXpo and Apple iPhone 3GS, and services utilizing and software utilized by such products; and that such cell phones and other products, services and software are used, offered for sale and sold in this district and throughout the United States and imported into the United States by AT&T.

## JURISDICTION AND VENUE

17.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this Federal District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that the defendants reside in this district, a substantial part of the events giving rise to the claim occurred in this district, and the defendants have a regular and established place of business in this district and have committed acts of infringement in this district.

18.     This case is related to, and involves some of the same patents involved in prior actions, *MicroUnity Systems Engineering, Inc. v. Intel Corporation and Dell, Inc.*, C.A. No. 2-04CV-120; *MicroUnity Systems Engineering, Inc. v. Sony Computer Entertainment America Inc.*, C.A. No. 2-05CV-505; *MicroUnity Systems Engineering, Inc. v. Advanced Micro Devices, Inc.*, C.A. No. 2-06CV-486 and pending action *MicroUnity Systems Engineering, Inc v. Acer Inc., et al.,* Case No. 02:10-cv-91, all of which were filed in the United States District Court for the Eastern District of Texas, Marshall Division.

1048764v1/07503-011876

## INFRINGEMENT OF U.S. PATENT NO. 5,742,840 C1

19.  On April 21, 1998, United States Patent No. 5,742,840 C1 (the "'840 patent") was duly and legally issued for an invention entitled "General Purpose, Multiple Precision Parallel Operation, Programmable Media Processor." MicroUnity was assigned the '840 patent and continues to hold all rights and interest in the '840 patent. A true and correct copy of the '840 patent is attached hereto as Exhibit C.

20.  The '840 patent has been the subject of a reexamination proceeding, reexamination request number 90/007,583, in which the patentability of claim 11 is confirmed, claim 1 is determined to be patentable as amended, claims 2-6, 8 and 9 are dependent on an amended claim and are determined to be patentable, and claims 7 and 10 are canceled. To the extent that amended claim 1 is deemed to be not substantially identical to claim 1 as it originally issued, then claims 1-6, 8 and 9 have an effective date of May 4, 2010 when the Reexamination Certificate issued. A copy of Reexamination Certificate 5,742,840 C1 is attached hereto as Exhibit C1.

21.  TI, Samsung, SSI, Qualcomm and Apple have infringed and continue to infringe one or more of the claims of the '840 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing processors, including but not limited to TI's OMAP3 and OMAP4 series processors, Samsung and SSI's S5PC100 processors, Qualcomm's Snapdragon processors and Apple's A4 processors. TI, Samsung, SSI, Qualcomm and Apple are liable for their infringement of the '840 patent pursuant to 35 U.S.C. § 271.

22.  Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple have infringed and continue to infringe one or more of the claims of the '840 patent by their manufacture, use, sale, importation, and/or offer to sell their infringing cell phones, media players, tablet computers and other products, including but not limited to the Motorola Droid, Nokia N900, Palm Pre, Samsung Galaxy Spica GT-i5700 and OmniaHD i8910, Acer Liquid A1 and neoTouch, HTC

1048764v1/07503-011876

Droid Incredible and Evo 4G, Google/HTC Nexus One, LG eXpo, and Apple iPhone 3GS, iPod Touch 3G and iPad and iPad 3G. Motorola, Nokia, Palm, Samsung, STA, Acer, HTC, Google, LG and Apple are liable for their infringement of the '840 patent pursuant to 35 U.S.C. § 271.

23. Verizon, AT&T and Sprint have infringed and continue to infringe one or more of the claims of the '840 patent by their use, sale, importation, and/or offer to sell infringing cell phones and other products. Verizon, AT&T and Sprint are liable for their infringement of the '840 patent pursuant to 35 U.S.C. § 271.

24. Defendants' acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from defendants the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial. Defendants' infringement of MicroUnity's exclusive rights under the '840 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

25. MicroUnity is informed and believes, and on that basis alleges, that TI, Samsung and Motorola have had communications and contact with MicroUnity and are fully aware of MicroUnity's technology and patent portfolio including the '840 patent; that TI, Samsung and Motorola have proceeded to infringe the '840 patent with full and complete knowledge of the patent and its applicability to their products without any attempt to take a license under the '840 patent and without a good faith belief that the '840 patent is invalid or not infringed, and thus TI, Samsung and Motorola's infringement of the '840 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285. MicroUnity reserves the right to allege, after discovery, that the remaining defendants' infringement of the '840 patent is willful and deliberate, entitling MicroUnity

1048764v1/07503-011876

to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,730,287 B2

26.     On June 1, 2010, United States Patent No. 7,730,287 B1 (the "'287 patent") was duly and legally issued for an invention entitled "Method and Software for Group Floating-Point Arithmetic Operations." MicroUnity was assigned the '287 patent and continues to hold all rights and interest in the '287 patent. A true and correct copy of the '287 patent is attached hereto as Exhibit U.

27.     Samsung, SSI and Apple have infringed and continue to infringe one or more of the claims of the '287 patent by their manufacture, use, sale, importation, and/or offer to sell their processors, including but not limited to Samsung and SSI's S5PC100 processors and Apple's A4 processors, and by knowingly contributing to and inducing others to manufacture, use, sell, import and/or offer to sell cell phones, media players, tablet computers and other products and services which practice processes and include software that infringe one or more of the claims of the '287 patent. Samsung, SSI and Apple are liable for their infringement of the '287 patent pursuant to 35 U.S.C. § 271.

28.     Apple has infringed and continues to infringe one or more of the claims of the '287 patent by its manufacture, use, sale, importation, and/or offer to sell infringing cell phones, media players and tablet computers and other products, including but not limited to the Apple iPhone 3GS, iPod Touch 3G, and iPad and iPad 3G, which practice processes and include software that infringe one or more of the claims of the '287 patent, and by providing software for use in such cell phones, media players, tablet computers and other products. Apple is liable for its infringement of the '287 patent pursuant to 35 U.S.C. § 271.

29.     AT&T has infringed and continues to infringe one or more of the claims of the '287 patent by its use, sale, importation, and/or offer to sell cell phones and other products which practice

processes and include software that infringe one or more of the claims of the '287 patent, and by its knowingly contributing to and inducing its customers to purchase and use services which practice processes that infringe one or more of the claims of the '287 patent, and by providing software for use on such cell phones and other products.. AT&T is liable for its infringement of the '287 patent pursuant to 35 U.S.C. § 271.

30.   Samsung, SSI, Apple and AT&T's acts of infringement have caused damage to MicroUnity, and MicroUnity is entitled to recover from Samsung, SSI, Apple and AT&T the damages sustained by MicroUnity as a result of their wrongful acts in an amount subject to proof at trial. Samsung, SSI, Apple and AT&T's infringement of MicroUnity's exclusive rights under the '287 patent will continue to damage MicroUnity, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

31.   MicroUnity reserves the right to allege, after discovery, that Samsung, SSI, Apple and AT&T's infringement of the '287 patent is willful and deliberate, entitling MicroUnity to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

32.   MicroUnity demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MicroUnity Systems Engineering, Inc., requests entry of judgment in its favor and against defendants as follows:

a)   Declaring that defendants have infringed U.S. Patent Nos. 5,742,840 C1 and 7,730,287 B2;

b)   Awarding the damages arising out of defendants' infringement of U.S. Patent Nos. 5,742,840 C1 and 7,730,287 B2, including enhanced damages pursuant to 35 U.S.C. § 284, to

1048764v1/07503-011876

MicroUnity, together with prejudgment and post-judgment interest, in an amount according to proof;

   c)  Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent Nos. 5,742,840 C1 and 7,730,287 B2, or in the alternative, a post-judgment royalty for post-judgment infringement;

   d)  Awarding of attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

   e)  For such other costs and further relief as the Court may deem just and proper.

DATED: June 3, 2010

              Respectfully Submitted,

                /s/ Stephen D. Susman
                Stephen D. Susman, Attorney-in-Charge
                State Bar No. 1952100
                ssusman@susmangodfrey.com
                Max L. Tribble, Jr.
                State Bar No. 20213950
                mtribble@susmangodfrey.com
                Joseph S. Grinstein
                State Bar No. 24002188
                jgrinstein@susmangodfrey.com
                SUSMAN GODFREY L.L.P.
                1000 Louisiana Street, Suite 5100
                Houston, Texas 77002
                Telephone: (713) 651-9366
                Facsimile: (713) 654-6666

                Sidney Calvin Capshaw
                State Bar No. 03783900
                ccapshaw@capshawlaw.com
                CAPSHAW DERIEUX, L.L.P.
                1127 Judson Rd - Ste 220
                PO Box 3999

Longview, TX 75601-5157
(903) 236-9800
Fax: (903) 236-8787

Otis W. Carroll
State Bar No.00794219
nancy@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

Michael F. Heim
State Bar No. 09380923
mheim@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
600 Travis, Suite 6710
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Douglas R. Wilson
State Bar No. 24037719
dwilson@hpcllp.com
HEIM, PAYNE & CHORUSH, L.L.P.
9442 Capital of Texas Hwy.
Plaza I, Suite 500-146
Austin, Texas 78759
Telephone: (512) 343-3622
Facsimile: (512) 345-2924

George M. Schwab
State Bar No. 58250 (CA)
gschwab@gmspatent.com
LAW OFFICES OF GEORGE M. SCHWAB
235 Montgomery St., Suite 1026
San Francisco, CA 94104
Telephone: (415) 889-5210

Attorneys for MICROUNITY SYSTEMS ENGINEERING, INC.