IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MICROUNITY SYSTEMS ENGINEERING, INC., | ) ) ) |
| Plaintiff, | ) ) Case No. 2:10-CV-00185 (TJW) |
| v. | ) ) ) JURY TRIAL DEMANDED |
| (1) ACER INC., (2) ACER AMERICA CORPORATION, (3) APPLE, INC., (4) AT&T INC., (5) AT&T MOBILITY LLC, (6) CELLCO PARTNERSHIP, (7) EXEDEA, INC., (8) GOOGLE INC., (9) HTC CORPORATION, (10) HTC AMERICA, INC., (11) LG ELECTRONICS, INC., (12) LG ELECTRONICS MOBILECOMM U.S.A., INC., (13) MOTOROLA, INC., (14) NOKIA CORPORATION, (15) NOKIA INC., (16) PALM, INC., (17) QUALCOMM INC., (18) SAMSUNG ELECTRONICS CO., (19) SAMSUNG, SEMICONDUCTOR INC., (20) SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, (21) SPRINT NEXTEL CORPORATION, (22) TEXAS INSTRUMENTS INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF QUALCOMM INC.'S MOTION TO TRANSFER VENUE

Qualcomm Inc. ("Qualcomm") files this notice to inform the Court of two recently issued opinions from the Court of Appeals for the Federal Circuit that are relevant to Qualcomm's Motion to Transfer Venue: *In re Vistaprint Ltd.*, Misc. Dkt. No. 954 (Fed. Cir. Dec. 15, 2010) (attached as Exhibit A) and *In re Acer America Corp.*, Misc. Dkt. No. 942 (Fed. Cir. Dec. 3, 2010) (attached as Exhibit B).

In *Vistaprint,* the court rejected the use of per se rules in the 28 U.S.C. § 1404(a) transfer analysis and made it clear that courts must "balance[] judicial economy against convenience in [the] specific case." *In re Vistaprint*, Misc. Dkt. No. 954, at 8. With respect to the judicial economy factor, the court recognized that judicial economy may be enhanced by maintaining litigation before a judge who has experience with a patent from prior litigation, but it cautioned that "[o]ur holding today does not mean that, once a patent is litigated in a particular venue the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue." *Id.* at 9 n.3. Ultimately, the *Vistaprint* court held that the district court did not improperly balance its experience with the sole patent-in-suit against the convenience factors in denying transfer because "no defendant party is actually located in the transferee venue and the presence of the witnesses in that location is not overwhelming." *Id.* at 8.

In this case, however, the balance tips decidedly in favor of the convenience factors, which strongly favor transfer. Here, any potential judicial economy gains from keeping the case in this District are diminutive compared to the gains present in *Vistaprint* – this Court has *no* prior experience with the vast majority of the patents-in-suit, and all the patents-in-suit that this Court previously construed (over five years ago) have undergone extensive reexamination, resulting in the addition of over 40 new claims to these patents and the cancellation of 40 percent of the original independent claims.[1] Further, the weight of the convenience factors in this case is overwhelming compared to the weight of the convenience factors in *Vistaprint*. Here, unlike in *Vistaprint*, both MicroUnity Systems Engineering Inc. ("MicroUnity") and Qualcomm have locations in the proposed transferee venue, both are incorporated in the state in which the proposed transferee venue is situated, MicroUnity's principal place of business and key

---

[1] Indeed, there is no guarantee that *any* judicial economy gains stemming from Judge Ward's prior experience with some of the patents-in-suit will materialize because the *Markman* hearing and trial in this case may occur after Judge Ward's announced retirement.

employees are located in the proposed transferee venue, all the inventors and some of the prosecuting attorneys on the patents-in-suit reside there, and third-party witnesses with knowledge potentially relevant to Qualcomm's inequitable conduct claims reside there.

*Acer* further underscores the compelling weight of the convenience factors in this case. In *Acer*, the court held that transfer from this District to the Northern District of California ("NDCA") was necessary – even though one of the parties moving for transfer, Dell, Inc., had its headquarters and relevant evidence in Texas – in part because, as here, relevant parties (here, Qualcomm and MicroUnity) were headquartered in or near the NDCA, no relevant party was headquartered in this District, relevant witnesses of plaintiff resided in the NDCA (including the inventor, prosecuting attorneys, and most of the potential employee witnesses of plaintiff), and relevant witnesses for the moving defendants resided in or near the NDCA. *In re Acer*, Misc. Dkt. No. 942, at 4, 5 n.2.

Where, as here, the convenience factors weigh heavily in favor of transfer, MicroUnity is not entitled to a "free pass" to maintain this case in this District simply because – years ago – it filed another suit in this District on a subset of the patents-in-suit. Under *Vistaprint* and *Acer*, the Qualcomm Claims should be transferred to the NDCA.

Dated: December 17, 2010

Respectfully submitted,

          /s/
Harry L. Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Matthew Robson
matthewrobson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Charles K. Verhoeven
charlesverhoeven@quinnemanuel.com
Jennifer A. Kash
jenniferkash@quinnemanuel.com
Sanjay Nangia
sanjaynangia@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Dave Nelson
davenelson@quinnemanuel.com
Jennifer Bauer
jenniferbauer@quinnemanuel.com
Chris Lawnicki
chrislawnicki@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN
500 W. Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400

Attorneys for Qualcomm Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 17, 2010.

                                                  */s/ Harry L. Gillam, Jr.*